Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **JEFFERY ALLEN ADAMS and AMANDA ADAMS**, individually, | CASE NO.:  6:19-cv-00034 |
| Plaintiffs, | |
| v. | **FLSA MINIMUM WAGE AND OVERTIME COMPLAINT; OREGON WAGE AND HOUR LAWS;** Fair Labor Standards Act 29 U.S.C. § 201 *et. seq*.; Oregon Wage and Hour Laws (ORS 652) |
| **OREGON CUSTOM PLUMBING, INC.,** an Oregon domestic business corporation, and **PETER A. CHAPIN**, individually, | |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiffs, JEFFERY ALLEN ADAMS and AMANDA ADAMS ("Plaintiffs"), bring this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendants, OREGON CUSTOM PLUMBING, INC., an enterprise engaged in commerce or the production or goods for commerce ("OCP"), and PETER A. CHAPIN ("Chapin") (hereinafter collectively, "Defendants"). Plaintiffs make their allegations based upon personal knowledge, information, and belief.

### INTRODUCTION

1.     Defendants employed Jeffery Adams to work as a plumber for OCP from October 2008 until July 2018.

1 – Complaint

2.      From October 2008 through sometime in early December 2016, OCP paid Jeffery Adams an hourly wage for all hours worked, including overtime compensation for hours worked over 40 hours in a workweek.

3.      On or around early December 2016, OCP began compensating Jeffery Adams with a monthly salary of $8,000 per month, without paying additional overtime compensation for hours worked over 40 hours in a workweek even though he consistently worked in excess of 40 hours per week.

4.      During his employment, Jeffery Adams worked as a plumber on behalf of Defendants for Defendants' clients and/or customers.

5.      Throughout his employment, Jeffery Adams performed work as a W-2 employee and was not exempt from the overtime provisions of the FLSA or Oregon Wage and Hour Laws.

6.      At times material to this Complaint, Jeffery Adams was treated as an employee by Defendants and classified and compensated as a W-2 employee.

7.      During his employment with Defendants, starting in or around December 2016, Jeffery Adams worked overtime for Defendants without being paid overtime compensation.  During this time, he routinely worked more that eight hours per day and often worked more than five days per week.  Jeffery Adams regularly worked more than 40 hours in a seven-day workweek – typically working eight to twelve hours per day and occasionally working more than 5 days per week.

8.      At times material to this Complaint, Defendants failed to pay Jeffery Adams overtime compensation for all hours worked over 40 hours in a workweek.

9.      At all times material to this Complaint, Defendants employed Jeffery Adams as an employee as defined by the FLSA and Oregon Wage and Hour Laws (ORS Chapter 652).

2 – Complaint

10.     Defendants employed Plaintiff Amanda Adams to perform a variety of administrative tasks including but not limited to scheduling and coordination of plumbing work and project billing for OCP from on or around February 2017 until on or on around March 2018.

11.     Despite regularly working 15 to 20 hours or more per week for Defendants, Amanda Adams was has not received any compensation for the work that she performed for Defendants.

12.     At times material to this Complaint, Defendants provided Amanda Adams with a cell phone to perform the administrative support work that she hired to perform for the benefit of Defendants.

13.     Throughout her employment, Amanda Adams performed work as W-2 employee and was not exempt from the minimum wage provisions of the FLSA or Oregon Wage and Hour Laws.

14.     At all times material to this Complaint, Defendants failed to pay Amanda Adams for all hours worked at the applicable Oregon minimum wage.

15.     At all times material to this Complaint, Defendants employed Amanda Adams as an employee as defined by the FLSA and Oregon Wage and Hour Laws (ORS Chapter 652).

16.     At times material to this Complaint, Defendants suffered and permitted Amanda Adams to work as their employee without paying her for any of the hours that she worked for Defendants.

17.     At all times material to this Complaint, Defendant Peter Chapin managed, directed, and controlled the day-to-day operations of Defendant OCP including all aspects of Plaintiffs' work that was performed for the benefit of Defendants.

18.     Plaintiffs bring this action individually against Defendants jointly and severally to recover their unpaid minimum wages and/or unpaid overtime compensation, liquidated damages, penalty wages, taxable costs of court, reasonable attorney's fees, pre- and post-judgment interest, and any other relief allowed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

*seq.* and Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws") for Defendants' willful failure to pay wages including minimum wages and overtime wages due to when due Plaintiffs.

19.  Plaintiffs demands a jury trial on all issues that may be tried to a jury.

20.  This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

21.  Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

22.  Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

23.  Defendant, Oregon Custom Plumbing, Inc. is an Oregon domestic business corporation based in Eugene, Oregon.

24.  Defendant Peter Chapin is believed to be a resident of Lane County, Oregon.

25.  At all material times, Defendants operated a commercial and residential plumbing business.

26.  Defendants are subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

27.  At all material times, Defendants operated an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because they had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of

4 – Complaint

Willie's was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiffs worked in interstate commerce so as to fall within the protections of the FLSA.

28.  At all material times, Defendants OCP and Peter Chapin have been employers within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d).

29.  At all material times, Defendants directly or indirectly acted in the interest of an employer toward the Plaintiffs including, without limitation, directly or indirectly controlling all employment terms and working conditions of Plaintiffs.

30.  Plaintiffs currently reside in Lane County, Oregon.

## FACTS

31.  At all times material to this Complaint, Plaintiffs performed work related to Defendants' plumbing business for the benefit of Defendants and Defendants' clients and/or customers.

32.  At all times material to this Complaint, Defendant Peter Chapin controlled Plaintiffs' work including but not limited to setting work schedules and specifying the manner, time, and location of work to be performed.

33.  At times material to this Complaint, Plaintiffs have not been properly compensated for all hours worked throughout the course of their employment by Defendants.

34.  At all times material to this Complaint, Defendants willfully failed to comply with Oregon and federal wage and hour laws with respect to recordkeeping and the payment of minimum wages and overtime compensation.

35.  Records of all hours worked by Plaintiffs are in possession and control of Defendants.

36.  Defendants' failure to pay Plaintiffs all minimum wages and overtime earned resulted from the Defendants' willful act of knowingly failing to properly compensate Plaintiffs for all hours worked when Plaintiffs were employed as non-exempt employees subject to the minimum wage and overtime protections of the FLSA.

5 – Complaint

37. By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages and have also incurred costs and reasonable attorneys' fees.

## FIRST CLAIM FOR RELIEF – JEFFERY ADAMS
(FLSA Overtime Violations - 29 U.S.C § 207)

38. Plaintiff Jeffery Adams re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 37 above.

39. At times material to this Complaint, Jeffery Adams worked in excess of 40 hours per week without receiving overtime compensation for hours worked in excess of 40 hours per week.

40. At times material to this Complaint, Jeffery Adams performed work for the benefit of, and on behalf of the Defendants, under employment terms and conditions set by Defendants.

41. At times material to this Complaint, Defendants were required to pay Jeffery Adams in accordance with the overtime provisions of the FLSA.

42. At times material to this Complaint, Defendants willfully failed to compute Plaintiff Jeffery Adams correct regular rate of pay for purposes of determining the amount of overtime compensation due to him.

43. At times material to this Complaint, Defendants did not compute a regular rate of pay for Jeffery Adams by adding together his earnings for a workweek and dividing that sum by the total hours worked as required by 29 C.F.R. §778.111.

44. Defendants' willfully failed to compute a regular rate of pay and properly compensate Jeffery Adams for the overtime compensation that he earned while employed by Defendants.

45. Defendants have not paid Jeffery Adams the correct amount of overtime pay earned at a rate equal to one and one-half of his regular rate of pay for workweeks in which he worked in excess of 40 hours in violation of 29 U.S.C. § 207.

46. At time material to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that the Jeffery Adams performed work for Defendants for which Defendants knowingly and willfully failed to compute a regular rate of pay and pay Jeffery Adams the correct amount of overtime compensation earned. As a result, Jeffery Adams is entitled to liquidated damages for Defendants' willful failure to pay the correct amount of overtime compensation.

47. Jeffery Adams bring this claim individually against Defendants jointly and severally, seeking unpaid overtime compensation, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

## SECOND CLAIM FOR RELIEF – JEFFERY ADAMS
### (Oregon Wage and Hour Law Violations)

48. Plaintiff Jeffery Adams re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 37 above.

49. At times material to this Complaint, Defendants withheld compensation from Jeffery Adams monthly pay as a contribution to a 401k-retirement account, however those funds were not timely deposited in Jeffery Adams' designated retirement funds by Defendants resulting in an unlawful deduction from his pay.

50. At times material to this Complaint, Defendants knowingly and willfully failed to deposit promised 401k-retirement matching contributions into Jeffery Adams' designated 401k-retirement account(s).

51. Defendants' failure to properly deposit monies withheld from pay into Jeffery Adams' designated 401k-retirement account(s) is an unlawful deduction from pay in violation of Oregon law.

7 – Complaint

52. Upon discovery, should Defendants' failure to properly deposit Jeffery Adams' retirement fund into his retirement account be determined to violate the applicable provisions of the Employment Retirement Income Security Act of 1974 ("ERISA"), Plaintiffs will seek leave to amend this Complaint to include any and all claims for damages resulting from Defendants' ERISA violations.

53. Defendants, jointly and severally, violated ORS 652 when they failed to pay Jeffery Adams all wages due and owing, and failed to pay him all wages due upon termination of his employment.

54. Jeffery Adams has been damaged by Defendants' violations of Oregon Wage and Hour Laws and is entitled to his actual damages and penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

### THIRD CLAIM FOR RELIEF – AMANDA ADAMS
### (FLSA Overtime Violations - 29 U.S.C § 207)

55. Plaintiff Amanda Adams re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 37 above.

56. At times material to this Complaint, Amanda Adams performed duties for the benefit of, and on behalf of the Defendants, under employment terms and conditions set by Defendants.

57. At times material to this Complaint, Defendants were required to pay Amanda Adams in accordance with the overtime provisions of the FLSA.

58. Defendants have not paid Amanda Adams for all hours worked at the applicable Oregon minimum wage.

59. Defendants have not paid Amanda Adams an amount of pay equivalent to the applicable Oregon minimum wage for all hours that she worked for Defendants in violation of 29 U.S.C. § 207.

60. At all material times hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that the Amanda Adams performed services for Defendants for which Defendants failed to track her hours worked, failed to compute her earnings using the applicable Oregon minimum wage, and failed to pay her for all hours worked. Under the FLSA, Amanda Adams is entitled to liquidated damages for Defendants' willful failure to pay her at a rate equivalent to the applicable Oregon minimum wage.

61. Amanda Adams bring this claim individually against Defendants jointly and severally, seeking unpaid minimum wages, liquidated damages, pre-judgment interest, costs, and attorneys' fees arising from the law violations set forth herein.

62. Defendants' failure to pay Amanda Adams all minimum wages earned resulted from the Defendants' willful act of knowingly failing to properly compensate her for all hours worked when she was employed as non-exempt employee subject to the minimum wage protections of the FLSA.

63. By reason of said intentional, willful, and unlawful acts of Defendants, Amanda Adams has suffered damages and has also incurred costs and reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF – AMANDA ADAMS
#### (Oregon Wage and Hour Law Violations)

64. Plaintiff Amanda Adams re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 37 above.

65. At all times material to this Complaint, Defendants knowingly and willfully failed to pay Amanda Adams any compensation for the work she performed on behalf of Defendants.

66. At all times material to this Complaint, Defendants knowingly and willfully failed to provide Amanda Adams with itemized statements of earning.

67. At all times material to this Complaint, Defendants knowingly and willfully failed to pay Amanda Adams on a regular payday.

68. Defendants knowingly and willfully failed to pay Amanda Adams all wages due and owing upon termination of her employment.

69. Defendants, jointly and severally, violated ORS 652 when they failed to pay Amanda Adams all wages due and owing on a regular payday, and when they failed to pay Amanda Adams all wages due upon termination of her employment.

70. Amanda Adams has been damaged by Defendants' willful violations of Oregon Wage and Hour Laws and is entitled to her actual damages and penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask the Court to grant the following relief against Defendants jointly and severally:

1. On the First Claim for Relief, award Plaintiff Jeffery Adams his actual damages for unpaid overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay overtime pursuant to the FLSA.

2. On the Second Claim for Relief, award Plaintiff Jeffery Adams his actual damages for violations of Oregon Wage and Hour Laws, and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3. On the Third Claim for Relief, award Plaintiff Amanda Adams her actual damages for unpaid minimum wages in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay the applicable minimum wage pursuant to the FLSA.

4. On the Fourth Claim for Relief, award Plaintiff Amanda Adams her actual damages for violations of Oregon Wage and Hour Laws, and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

5. Award Plaintiffs their reasonable attorney fees and costs;

6. Award Plaintiffs pre-judgment and post-judgment interest on their actual damages and penalty wages; and

7. Award Plaintiffs any and all such other legal and equitable relief as this Court deems just and proper.

**DATED the 9th day of January 2019.**          Respectfully submitted,

                                      __/s Drew G. Johnson_____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.: 114289
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiffs

                                      __/s Alan J. Leiman_____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.: 980746
44 W. Broadway, Suite 326
Eugene, OR 97401
Telephone: (541) 345-2376
Facsimile: (541) 345-2377
Of Attorneys for Plaintiffs